ILND 245C (Rev. 01/10/2026) Amended Judgment in a Criminal Case     (Note: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
### Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| DAVID R. LIRA | Case Number:    1:23-CR-00054(3) |
| | USM Number:    46047-510 |

**Date of Original Judgment: October 22, 2025**
**(Or Date of Last Amended Judgment)**

Damon M Cheronis
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 9s of the Superseding Indictment.

☐ pleaded nolo contendere to count(s)     which was accepted by the court.

☐ was found guilty on count(s)     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:401.F Criminal Contempt | 12/31/2020 | 9s |

The defendant is sentenced as provided in pages **2** through **9** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)**

☐ The defendant has been found not guilty on count(s)

☒ All remaining counts dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 6, 2025
Date of Imposition of Judgment

_Mary M Rowland_

Signature of Judge

Mary M. Rowland , United States District Judge

May 28, 2026
Date

ILND 245C (Rev. 01/10/2026) Amended Judgment in a Criminal Case
Sheet 2 – Imprisonment

DEFENDANT:  DAVID R. LIRA
CASE NUMBER:  1:23-CR-00054(3)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Four (4) months as to count 9s of the Superseding Indictment.

☒　　　　The court makes the following recommendations to the Bureau of Prisons: BOP facility near California.

☐　　　　The defendant is remanded to the custody of the United States Marshal.

☐　　　　The defendant shall surrender to the United States Marshal for this district:

　　☐　　at　　　on

　　☐　　as notified by the United States Marshal.

☒　　　　The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☒　　　before 2:00 pm on 2/3/26.

　　☐　　　as notified by the United States Marshal.

　　☐　　　as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　By　_____
　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

ILND 245C (Rev. 01/10/2026) Amended Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 3 of 9

DEFENDANT:  DAVID R. LIRA
CASE NUMBER:  1:23-CR-00054(3)

## SUPERVISED RELEASE

Upon release from imprisonment, you shall be on supervised release for a term of:
Two (2) years as to count 9s of the Superseding Indictment.

## MANDATORY CONDITIONS OF SUPERVISED RELEASE
## PURSUANT TO 18 U.S.C § 3583(d)

The court imposes those conditions identified by checkmarks below:

**You must, during the term of supervised release:**

- ☒ (1) not commit another Federal, State, or local crime.
- ☐ (2) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution.
- ☒ (3) not unlawfully possess a controlled substance.
- ☐ (4) participate in an approved program for domestic violence. [[For a first conviction of a domestic violence crime, as defined in 18 U.S.C. § 3561(b).]]
- ☐ (5) comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20913). [[For a person required to register under the Sex Offender Registration and Notification Act.]]
- ☒ (6) cooperate in the collection of a DNA sample if the collection of such a sample is authorized by law.
- ☐ (7) refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if the presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE
## PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — You must comply with the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **18 U.S.C. §§** **3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve no greater deprivations of liberty that is reasonably necessary for the purposes indicated in **18 U.S.C. §§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to **28 U.S.C. § 994(a)(2)**.

**You must, during the term of supervision:**

- ☐ (1) provide financial support to any dependents if you are financially able to do so.
- ☐ (2) make restitution to a victim of the offense under **18 U.S.C. § 3556** (but not subject to the limitation of **18 U.S.C. §§ 3663(a)** or **3663A(c)(1)(A)**).
- ☐ (3) give to the victims of the offense notice pursuant to the provisions of **18 U.S.C. § 3555**, as follows:
- ☐ (4) work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. You must notify the probation officer within 72 hours of becoming aware of a change or expected change in employment.
- ☐ (5) refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances;  .
- ☒ (6) not knowingly meet or communicate with any person whom you know to be engaged, or planning to be engaged, in criminal activity.
  - ☐ You must not knowingly visit the following type of places:  .
  - ☒ You must not knowingly meet or communicate with the following persons: Christopher K. Kamon.
- ☐ (7) refrain from ☐ any or ☐ excessive use of alcohol (defined as ☐ having a blood alcohol concentration greater than 0.08; or ☐  ), and from any use of a narcotic drug or other controlled substance, as defined in **§ 102** of the Controlled Substances Act (**21 U.S.C. § 802**), without a prescription by a licensed medical practitioner.

ILND 245C (Rev. 01/10/2026) Amended Judgment in a Criminal Case
Sheet 3 – Supervised Release

DEFENDANT: DAVID R. LIRA
CASE NUMBER: 1:23-CR-00054(3)

☒ (8) not own, possess, or have access to a firearm, destructive device, or other dangerous weapon (that is, anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person).

☐ (9) ☐ participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

    ☐ participate, at the direction of a probation officer, in a mental health treatment program, and you must take any medications prescribed by the mental health treatment provider.

    ☐ participate, at the direction of a probation officer, in the following medical care: ___ .)

☐ (10) (intermittent confinement, only to be imposed for a violation of a condition of supervised release during the first year of supervision and only when facilities are available (USSG § 5D1.3(b)(3)(P))): remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling ___ [no more than the lesser of one year or the term of imprisonment authorized for the offense], during the first year of the term of supervised release for the following period ___ .

☐ (11) (community confinement): reside at or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release for a period of ___ months.

☒ (12) work in community service for 200 hours as directed by a probation officer.

☐ (13) reside in the following place or area: ___ , or refrain from residing in a specified place or area: ___ .

☒ (14) not knowingly leave from the federal judicial district where you are being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

☒ (15) report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment. You shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer.

☒ (16) ☒ allow a probation officer to visit you ☒ at any reasonable time or ☐ as specified: ___ ,

    ☒ at home     ☒ at work     ☐ at school     ☐ at a community service location   ☒ other reasonable location specified by a probation officer

    ☒ You must allow the probation officer to take any items prohibited by the conditions of your supervision that the probation officer observes in plain view.

☒ (17) notify a probation officer within 72 hours of any change in residence, employer, or workplace. You must, subject to any constitutional or other legal privilege, answer truthfully any questions asked by a probation officer.

☒ (18) notify a probation officer within 72 hours of being arrested, charged with a crime, or questioned by a law enforcement officer.

\* ☒ (19) home confinement only as a substitute for imprisonment (18 U.S.C. § 3563(b)(19)

    ☐ (a)(i) (home incarceration) for a period of ___ months, you are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court.

    ☐ (a)(ii) (home detention) for a period of ___ months, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer.

    \*☒ (a)(iii) (curfew) for a period of four (4) months, you are restricted to your residence every day.

    \*☒ from the times directed by the probation officer; or ☐ from ___ to ___ .

    \*☒ (b) compliance with this condition, as well as other court-imposed conditions of supervision, shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and you shall abide by all technology requirements.

    ☐ (c) pay all or part of the cost of the location monitoring, at the daily contractual rate, if you are financially able to do so.

☐ (20) comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living.

☐ (21) be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability or removal by the appropriate authority in accordance with federal law. If ordered deported or removed, you must not remain in or enter the United States without obtaining, in advance, the express written consent of the United States Attorney General or the United States Secretary of the Department of Homeland Security.

ILND 245C (Rev. 01/10/2026) Amended Judgment in a Criminal Case
Sheet 3 – Supervised Release

DEFENDANT:  DAVID R. LIRA
CASE NUMBER:  1:23-CR-00054(3)

☐ (22) submit your person, property, house, residence, vehicle, papers or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

☐ (23) Cybercrime Management: [[if imposed, the Court must select one or more options for types of monitoring, use, and payment]]

☐ (a) General Condition for Cybercrime Management: You must participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will not acquire or access any new or additional computer devices unless approved by your officer. You will also inform your officer of all your computer device, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts.

☐ (a)(i) Monitored Computer Devices with Internet Access: You are allowed use of standard computer device(s) (desktop/laptop computers, smartphones/tablets) with internet access and will allow the U.S. Probation Office (USPO) to configure, manage, and install monitoring software on all of your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPO. The configuration, management, and monitoring of your standard computer devices shall be specific to your court-ordered conditions, risk and needs, and cybercrime management requirements.

☐ (a)(ii) Monitored Computer without Internet Access: You are allowed use of standard computer devices (desktop/laptop computer, smartphones/tablets) without internet access and will permit the U.S. Probation Office (USPO) to configure and install monitoring software on all of your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPO. The configuration, management, and monitoring of your standard computer devices shall be specific to your court-ordered conditions, risk and needs, and Cybercrime Management Program requirements.

☐ (a)(iii) Unmonitored Computer with Internet Access: You are allowed use of standard computer devices (desktop/laptop computers, smartphones/tablets) with internet access and will permit the U.S. Probation Office (USPO) to configure and manage all of your approved standard computer devices. The approval of your standard computer devices is limited to devices that can be configured and managed by the USPO. The configuration and management of your standard computer devices shall be specific to your court-ordered conditions, risk and needs, and Cybercrime Management Program requirements.

☐ (a)(iv) Unmonitored Computer without Internet Access: You are allowed use of standard computer device(s) (desktop/laptop computer, smartphones/tablets) without internet access and will permit the U.S. Probation Office (USPO) to configure and manage all of your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured and managed by the USPO. The configuration and management of your standard computer devices shall be specific to your court-ordered conditions, risk and needs, and Cybercrime Management Program requirements.

☐ (a)(v) No Computer Use: You are restricted from any personal use of standard computer devices (desktop/laptop computer, smartphones/tablets).

☐ (b) Non-Standard Computer Devices/Internet of Things (IoT): Non-standard computer devices possessed or accessible to you (such as smart TVs, refrigerators, game systems, and personal assistants) shall be assessed by the U.S. Probation Office (USPO) for risk and need of use. You must allow the United States Probation Office (USPO) to configure and/or manage approved non-standard devices for compliance with your court-ordered conditions and cybercrime management requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

☐ (c) Publicly Accessible/Limited Purpose Computer Devices: You may access publicly accessible computer devices for legitimate transactional purposes (such as ATMs, kiosks, and point of sale terminals). With the approval of your officer, you may also use specialized computer devices outside your

ILND 245C (Rev. 01/10/2026) Amended Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 6 of 9

DEFENDANT:  DAVID R. LIRA
CASE NUMBER: 1:23-CR-00054(3)

residence (i.e., employment agency, work search, and employers' computer devices) but only for their intended use.

☐ (d) Restrictions on Specific and/or General Use (Legitimate and Necessary): Your use of standard computer device(s) (desktop/laptop computers, smartphones/tablets) is restricted to legitimate and necessary purposes. Examples of legitimate and necessary use are employment, education, religious activities, treatment services, medical services, communication with friends/family and attorney, personal finance, and legal obligations.

☐ (e) Restricted Use: You must not access [[insert specific "blacklisted" sites, applications, categories, or activities here based on identified individual risk]].

☐ (f) Computer Device Limitations: You may be limited to two standard computer devices (desktop/laptop computer, smartphones/tablets) unless otherwise approved by your officer.

☐ (g) Payment Responsibility for Computer Monitoring:

☐ (g)(i) Full responsibility: You are responsible for all computer monitoring and/or management costs for your approved computer devices.

☐ (g)(ii) Partial responsibility: You are responsible for computer monitoring and/or management costs for your approved computer devices based on your ability to pay, as determined by the Probation Office.

☐ (h) Computer Search for Monitoring and/or Management Purposes: You must allow the U.S. Probation Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the court-ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

☐ (i) General Reasonable Suspicion Search Condition: You must submit your person, property, house, residence, office, vehicle, papers, computer devices, or other electronic communications, network or cloud storage, data storage devices or media to a search conducted by a United States probation officer. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE
## PURSUANT TO 18 U.S.C. § 3563(b)(22) and 18 U.S.C. § 3583(d)

**You must, during the term of supervision:**

☐ (1) participate in a General Educational Development (GED) preparation course and seek to obtain a GED at the direction of the probation officer, if you have not obtained a high school diploma or equivalent.

☐ (2) participate in an approved job skill-training program at the direction of a probation officer.

☒ (3) if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the probation office until gainfully employed. The total amount of community service required over your term of service shall not exceed 200 hours.

☐ (4) not maintain employment where you have access to other individuals' personal information, including, but not limited to, Social Security numbers and credit card numbers (or money) unless approved by a probation officer.

☐ (5) not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.

☐ (6) provide a probation officer with access to any requested financial information to monitor compliance with conditions of supervised release.

☐ (7) within 72 hours of any significant change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments, you must notify the probation officer of the change.

☐ (8) file accurate income tax returns and pay all taxes, interest, and penalties as required by law.

ILND 245C (Rev. 01/10/2026) Amended Judgment in a Criminal Case
Sheet 3 – Supervised Release
Judgment – Page 7 of 9

DEFENDANT: DAVID R. LIRA
CASE NUMBER: 1:23-CR-00054(3)

☐ (9) ☐ (a) participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. You must comply with all recommended treatment which may include psychological and physiological testing.

☐ (b) not possess any device that could be used for covert photography without the prior approval of a probation officer.

☐ (c) not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to 18 U.S.C. § 3583(e)(2), regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider.

☐ (d) not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, and you must not knowingly visit locations where persons under the age of 18 regularly congregate, including parks, schools, school bus stops, playgrounds, and childcare facilities. This condition does not apply to contact in the course of normal commercial business or unintentional incidental contact. This condition does not apply to family members: [Names].

☐ (e) Your employment must be restricted to the judicial district and division where you reside or are supervised, unless approval is granted by a probation officer. Prior to accepting any form of employment, you must seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community you will pose if employed in a particular capacity. You must not participate in any volunteer activity that may cause you to come into direct contact with persons under the age of 18 except under circumstances approved in advance by a probation officer and treatment provider.

☐ (f) provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and any other financial information requested.

☐ (g) comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order.

☒ (10) pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

☒ (11) not enter into any agreement to act as a confidential human source or informant without first getting the permission of the Court.

☐ (12) pay to the Clerk of the Court $ _____ as repayment to the United States of government funds you received during the investigation of this offense. The Clerk of the Court shall remit the funds to _____ (list both Agency and Address.)

☐ (13) observe one Reentry Court session, as instructed by your probation officer.

☐ (14) Other: _____

Case: 1:23-cr-00054 Document #: 200 Filed: 05/28/26 Page 8 of 17 PageID #:4208

ILND 245C (Rev. 01/10/2026) Amended Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties                                                                    Judgment – Page 8 of 9

DEFENDANT:  DAVID R. LIRA
CASE NUMBER:  1:23-CR-00054(3)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | $.00 | $.00 |

☐    The determination of restitution is deferred until           . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐    Restitution amount ordered pursuant to plea agreement $

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**.  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐    the interest requirement is waived for the        .

   ☐    the interest requirement for the        is modified as follows:

☐    The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

ILND 245C (Rev. 01/10/2026) Amended Judgment in a Criminal Case
Sheet 6 – Schedule of Payments                                                                                     Judgment – Page 9 of 9

DEFENDANT: DAVID R. LIRA
CASE NUMBER:  1:23-CR-00054(3)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payment of $100.00 due immediately.

       ☐   balance due not later than         , or

       ☐   balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**   ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**   ☐   Payment in equal         *(e.g. weekly, monthly, quarterly)* installments of $        over a period of         *(e.g., months or years)*, to commence         *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal         *(e.g. weekly, monthly, quarterly)* installments of $        over a period of         *(e.g., months or years)*, to commence         *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within         *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee, if<br>Appropriate |
|---|---|---|---|

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
### Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>DAVID R. LIRA | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)<br>) Case Number:    1:23-CR-00054(3)<br>) USM Number:    46047-510<br>)<br>)<br>) Damon M Cheronis<br>) Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s) 9s of the Superseding Indictment.

☐ pleaded nolo contendere to count(s)       which was accepted by the court.

☐ was found guilty on count(s)       after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:401.F Criminal Contempt | 12/31/2020 | 9s |

The defendant is sentenced as provided in pages 2 through      of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ All remaining counts dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

October 6, 2025
Date of Imposition of Judgment

_Signature of Judge_
Mary M. Rowland, United States District Judge

October 22, 2025
Date

DEFENDANT: DAVID R. LIRA
CASE NUMBER: 1:23-CR-00054(3)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Four (4) months as to count 9s of the Superseding Indictment.

☒ The court makes the following recommendations to the Bureau of Prisons: BOP facility near California.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at on

☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒ before 2:00 pm on 2/3/26.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release

DEFENDANT:  DAVID R. LIRA
CASE NUMBER:  1:23-CR-00054(3)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
Two (2) years as to count 9s of the Superseding Indictment.

The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☒ (1) you shall not commit another Federal, State, or local crime.
- ☒ (2) you shall not unlawfully possess a controlled substance.
- ☐ (3) you shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, if an approved program is readily available within a 50-mile radius of your legal residence.  [Use for a first conviction of a domestic violence crime, as defined in **§ 3561(b)**.]
- ☐ (4) you shall register and comply with all requirements of the Sex Offender Registration and Notification Act **(42 U.S.C. § 16913)**.
- ☒ (5) you shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.
- ☐ (6) you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.  [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

# DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☐ (1) you shall provide financial support to any dependents if you are financially able to do so.
- ☐ (2) you shall make restitution to a victim of the offense under **§ 3556** (but not subject to the limitation of **§ 3663(a)** or **§ 3663A(c)(1)(A)**).
- ☐ (3) you shall give to the victims of the offense notice pursuant to the provisions of **§ 3555**, as follows:
- ☐ (4) you shall seek, and work conscientiously at, lawful employment or, if you are not gainfully employed, you shall pursue conscientiously a course of study or vocational training that will equip you for employment.
- ☐ (5) you shall refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s))
- ☒ (6) you shall not knowingly meet or communicate with any person whom you know to be engaged, or planning to be engaged, in criminal activity and shall not:
  - ☐ visit the following type of places:
  - ☒ knowingly meet or communicate with the following persons: Christopher K. Kamon.
- ☐ (7) you shall refrain from ☐ any or ☐ excessive use of alcohol (defined as ☐ having a blood alcohol concentration greater than 0.08; or ☐            ), and from any use of a narcotic drug or other controlled substance, as defined in **§ 102** of the Controlled Substances Act (**21 U.S.C. § 802**), without a prescription by a licensed medical practitioner.
- ☒ (8) you shall not possess a firearm, destructive device, or other dangerous weapon.
- ☐ (9)
  - ☐ you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.
  - ☐ you shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.
  - ☐ you shall participate, at the direction of a probation officer, in medical care; (if checked yes, please specify:

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 4 of 8

DEFENDANT: DAVID R. LIRA
CASE NUMBER: 1:23-CR-00054(3)

☐ (10) (intermittent confinement): you shall remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling _____ [no more than the lesser of one year or the term of imprisonment authorized for the offense], during the first year of the term of supervised release (provided, however, that a condition set forth in **§3563(b)(10)** shall be imposed only for a violation of a condition of supervised release in accordance with **§ 3583(e)(2)** and only when facilities are available) for the following period _____.

☐ (11) (community confinement): you shall reside at, or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release, for a period of _____ months.

☒ (12) you shall work in community service for 200 hours as directed by a probation officer.

☐ (13) you shall reside in the following place or area: _____, or refrain from residing in a specified place or area: _____.

☒ (14) you shall not knowingly leave from the federal judicial district where you are being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

☒ (15) you shall report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment. You shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer.

☒ (16) ☒ you shall permit a probation officer to visit you ☒ at any reasonable time or ☐ as specified: _____,
   ☒ at home   ☒ at work   ☐ at school   ☐ at a community service location
   ☒ other reasonable location specified by a probation officer
   ☒ you shall permit confiscation of any contraband observed in plain view of the probation officer.

☒ (17) you shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. You shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

☒ (18) you shall notify a probation officer within 72 hours if arrested, charged with a crime, or questioned by a law enforcement officer.

☒ (19) (home confinement)
   ☐ (a)(i) (home incarceration) for a period of __ months, you are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.
   ☐ (a)(ii) (home detention) for a period of __ months, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer.
   (a)(iii) (curfew) for a period of four (4) months, you are restricted to your residence every day.
   from the times directed by the probation officer; or ☐ from __ to __.
   (b) your compliance with this condition, as well as other court-imposed conditions of supervision, shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and you shall abide by all technology requirements.
   ☐ (c) you shall pay all or part of the cost of the location monitoring, at the daily contractual rate, if you are financially able to do so.

☐ (20) you shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living.

☐ (21) (deportation): you shall be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not remain in or enter the United States without obtaining, in advance, the express written consent of the United States Attorney General or the United States Secretary of the Department of Homeland Security.

☐ (22) you shall satisfy such other special conditions as ordered below.

☐ (23) You shall submit your person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release

DEFENDANT:  DAVID R. LIRA
CASE NUMBER:  1:23-CR-00054(3)

reasonable manner.

☐  (24)  Other:

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified by checkmarks below:

**During the term of supervised release:**

☐  (1)  if you have not obtained a high school diploma or equivalent, you shall participate in a General Educational Development (GED) preparation course and seek to obtain a GED within the first year of supervision.

☐  (2)  you shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.

☒  (3)  you shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the probation office until gainfully employed. The total amount of community service required over your term of service shall not exceed 200 hours.

☐  (4)  you shall not maintain employment where you have access to other individual's personal information, including, but not limited to, Social Security numbers and credit card numbers (or money) unless approved by a probation officer.

☐  (5)  you shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.

☐  (6)  you shall provide a probation officer with access to any requested financial information requested by the probation officer to monitor compliance with conditions of supervised release.

☐  (7)  within 72 hours of any significant change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments, you must notify the probation officer of the change.

☐  (8)  you shall file accurate income tax returns and pay all taxes, interest, and penalties as required by law.

☐  (9)  you shall participate in a sex offender treatment program.  The specific program and provider will be determined by a probation officer. You shall comply with all recommended treatment which may include psychological and physiological testing. You shall maintain use of all prescribed medications.

☐  You shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. You shall consent to the installation of computer monitoring software on all identified computers to which you have access and to which the probation officer has legitimate access by right or consent.  The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations.  A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. You shall not remove, tamper with, reverse engineer, or in any way circumvent the software.

☐  The cost of the monitoring shall be paid by you at the monthly contractual rate, if you are financially able, subject to satisfaction of other financial obligations imposed by this judgment.

☐  You shall not possess or use at any location (including your place of employment), any computer, external storage device, or any device with access to the Internet or any online computer service without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system

☐  You shall not possess any device that could be used for covert photography without the prior approval of a probation officer.

You shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to **18 U.S.C. § 3583(e)(2),** regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider.

You shall not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, and you shall not knowingly visit locations where persons under the age of 18 regularly congregate, including parks, schools, school bus stops, playgrounds, and childcare facilities. This condition does not apply to contact in the course of normal commercial business or unintentional incidental contact

☐  This condition does not apply to your family members:        [Names]

☐  Your employment shall be restricted to the judicial district and division where you reside or are supervised, unless approval is granted by a probation officer.  Prior to accepting any form of employment, you shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 6 of 8

DEFENDANT:  DAVID R. LIRA
CASE NUMBER: 1:23-CR-00054(3)

      the community you will pose if employed in a particular capacity.  You shall not participate in any volunteer activity that may cause you to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider.

☐    You shall provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and any other financial information requested.

☐    You shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order.

☒  (10)    you shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

☒  (11)    you shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court.

☐  (12)    you shall pay to the Clerk of the Court $_____ as repayment to the United States of government funds you received during the investigation of this offense. (The Clerk of the Court shall remit the funds to _____ (list both Agency and Address.)

☐  (13)    if the probation officer determines that you pose a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that instruction. Such notification could include advising the person about your record of arrests and convictions and substance use. The probation officer may contact the person and confirm that you have told the person about the risk.

☐  (14)    You shall observe one Reentry Court session, as instructed by your probation officer.

☐  (15)    Other:_____

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

DEFENDANT:  DAVID R. LIRA
CASE NUMBER:  1:23-CR-00054(3)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**.  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the _____ .

☐ the interest requirement for the _____ is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

DEFENDANT: DAVID R. LIRA
CASE NUMBER: 1:23-CR-00054(3)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $100.00 due immediately.

    ☐ balance due not later than     , or

    ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal      (*e.g. weekly, monthly, quarterly)* installments of $      over a period of      (*e.g., months or years)*, to commence      (*e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal      (*e.g. weekly, monthly, quarterly)* installments of $      over a period of      (*e.g., months or years)*, to commence      (*e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within      (*e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**
    **Total Amount**
    **Joint and Several**
    **Amount**
    **Corresponding Payee, if**
    **Appropriate**

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.